# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1261V
Filed: February 22, 2018
UNPUBLISHED

| | |
|---|---|
| DEBORAH KAISER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

**Dorsey,** Chief Special Master:

      On October 27, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") caused by her November 19, 2012 influenza ("flu") vaccination. Petition at 5. On July 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 40).

      On January 16, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 44). Petitioner requests attorneys' fees in the amount of $21,402.16 and attorneys' costs in the amount of $2,345.67. (*Id.* at 1). In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

pocket expenses. (ECF No. 44-1 at 12). Thus, the total amount requested is $23,747.83.

On January 30, 2018, respondent filed a response to petitioner's motion. (ECF No. 48). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." (*Id.* at 1). Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request, and finds it necessary to reduce the award to reflect rate reductions the reasons listed below.

## I.   HOURLY RATE

The undersigned finds it necessary to reduce the hourly rate of petitioner's counsel Mr. Konkel. Petitioner's counsel billed at a rate of $300.00 for 2014 and $312.00 for 2015, both exceeding the previously awarded rates for petitioner's counsel, which were of $285 for 2014 and $295 for 2015. The undersigned finds that the proposed paralegal rates from $80 - $112 per hour are reasonable. Therefore, attorneys' fees **requested are reduced by $277.40**.

## II.   TRAVEL

Mr. Konkel billed of 2.3 hours for travel at a rate of $285.00 per hour for 2013, 4 hours for travel at $312.00 for 2016 and 4.5 hours at a rate of $358.00 for 2017. (ECF No. 44-1 at 3, 5, 7). As is this Court's consistent practice, the undersigned reduces the hourly rate for these hours by 50%. *See, e.g., Hocraffer v. Sec'y Health and Human Servs.,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."); *J.L.D. v. Sec'y Health and Human Servs.,* No. 15-716V, 2017 WL 563189, at *4 (Fed. Cl. Jan. 18, 2017). As the 2016 and 2017 time regarding travel and meeting with the client was billed as one entry there is no way to differentiate the amount of time spent on each therefore the hours billed that included travel time will be reduced by the 50% travel rate. Therefore, attorneys' fees **requested are reduced by $1,757.25**.[3]

---

[3] Counsel's hourly rate was first adjusted to one half of the billed rate which came to $142.50 hour for 2013; $156.00 hour for 2016; and $179.00 hour for 2017 then multiplied by the amount of hours listed on the billing invoice. (142.50 * 2.30 = 327.75; 156.00 * 4 = 624; 179.00 * 4.50 = 805.50) (327.75 + 624.00 + 805.50 = 1,757.25).

2

### III.   ADMINISTRATIVE TIME

The Vaccine Program does not permit billing for clerical, administrative, or secretarial work. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (finding that services of a secretarial or clerical nature "should be considered as normal overhead office costs included within the attorneys' fee rates"); *J.W. v. Sec'y Health and Human Servs.*, No. 15-551V, 2017 WL 877278 at *3 (Fed. Cl. Spec. Mstr. Feb. 10, 2017) ("It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program").

Petitioner's counsel billed 0.2 attorney hours and 0.2 paralegal hours for confirming appointments and receiving mailings.[4]  These entries, which the undersigned characterizes as administrative work, do not constitute billable time.  *Guerrero v. Sec'y of Health & Human Servs.,* 124 Fed. Cl. 153, 156 (2015) (noting that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them") (internal quotations and citations omitted). The undersigned therefore reduces the fee request by **$93.20**.

### IV.   VAGUE ENTERIES

As noted above, a petitioner's application for fees and costs must sufficiently detail the time billed so as to enable the special master to determine the reasonableness of the amount requested.  *Bell v. Sec'y Health and Human Servs.* 18 Cl. Ct. 751, 760; *Rodriguez v. Sec'y Health and Human Servs.*, No. 06-559V, 2009 WL 2568468 at *8 (Fed. Cl. Spec. Mstr. July27, 2009).  The undersigned has previously found it reasonable to reduce attorneys' fees for vagueness, and finds it necessary to do so herein.  *Estate of Bondi v. Sec'y Health and Human Servs.*, No. 12-476, 2017 WL 1046526 at *3 (Fed. Cl. Spec. Mstr. Feb 23, 2017) (reducing a fee award for vagueness when petitioner's billing entries "did not include sufficient detail about what tasks were being performed and why"); *Davis v. Sec'y Health and Human Servs.,* No. 15-159V, 2017 WL 877277 at *4 (Fed. Cl. Spec. Mstr. Feb 7, 2017) (reducing petitioner's fee award for vagueness).

The undersigned finds multiple vague billing entries made in this case.  Petitioner billed approximately 1.3 hours of attorney and paralegal time perform "case management".[5]  (ECF 44-1 at 4, 7-8).  Counsel's vague descriptions do not provide - undersigned sufficient means to effectively evaluate the reasonableness of the time

---

[4] Jerome A. Konkel billed 0.2 hours at $358/hour for "confirm appointment".  Jennifer Gramling billed 0.2 hours at $108/hour for "R & R fed ex receipt" Total billed for these entries is $93.20.

[5] These tasks occurred on December 23, 2015, January 23, 2017, April 25, 2017, July 18, 2017, and September 7, 2017.

spent and work performed, and the undersigned thus finds cause to reduce petitioner's fee award by **$292.40**.

## V. COSTS

Petitioner request reimbursement for attorney costs in the amount of $2,345.67. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

## VI. CONCLUSION

| | |
|---|---|
| Requested attorneys' fees: | $21,402.16 |
| Reductions | - 2,420.25 |
| **Adjusted Fees Total:** | **$18,981.91** |
| | |
| Requested attorney costs: | $ 2,345.67 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $2,345.67** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$21,327.58** |

**Accordingly, the undersigned awards the total of $21,327.58[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jerome A. Konkel.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.